United States District Court
Middle District of Florida
Jacksonville Division

**DARREN ALEXANDER GOODMAN,**

    *Plaintiff,*

v.                                                                                            No. 3:17-cv-1127-J-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

# Order

Earlier in the case, the Court reversed the Commissioner of Social Security's denial of Darren Alexander Goodman's application for supplemental security income and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 25, 26. Goodman now requests, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, an award of $4,210.84 in attorney and paralegal fees ($3,635.84 originally requested plus $575 for the time spent on a reply) and $49.30 in "litigation expenses." Doc. 27 at 1, 2; Doc. 31 at 5. The Commissioner does not oppose an award of EAJA fees or expenses but opposes the amount of fees requested, challenging some hourly rates and some hours expended. Doc. 28.

**I.    Background**

In October 2017, Goodman, represented by Olinksy Law Group, filed the complaint, Doc. 1, together with a motion for leave to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915 and an unnotarized affidavit of indigency, Doc. 2. The Court directed him to complete, notarize, and file a long-form IFP application or pay the $400 filing fee. Doc. 6. Goodman did not file the long-form IFP application but filed an amended IFP motion with a notarized affidavit. Doc. 7. He filed a brief in opposition to the Commissioner's decision, Doc. 23, and the Commissioner filed an

unopposed motion to remand the case, Doc. 24, which the Court granted, Doc. 25. Goodman filed the current motion, the Commissioner responded, and, with the Court's permission, Goodman replied. Docs. 27, 28, 31.

II.   Law

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees and costs are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) he timely requested them, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). An EAJA request must contain an allegation that the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if made, the Commissioner bears the burden of showing that it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422−23 (2004).

The first four conditions are satisfied here, and, as to the fifth, no equitable consideration is apparent or presented that would make an EAJA award unjust. Goodman prevailed because the Court ordered a sentence-four remand. Docs. 25, 26. Goodman's September 19, 2018 request, Doc. 27, was timely because he made it within 30 days of when the Court's June 21, 2018 judgment, Doc. 26, became final.

2

He represents that his net worth was less than $2 million when he filed this case, Doc. 27 at 3, and the Court accepts that representation. The motion includes an allegation that the Commissioner's position was not substantially justified, Doc. 27 at 3, and the Commissioner has not attempted to satisfy her burden of showing otherwise, *see generally* Doc. 28. The Commissioner does not contend that this case presents a special circumstance, and none is apparent. Thus, Goodman is eligible to receive an EAJA award, and the only remaining issue is whether the requested amounts are reasonable.

The EAJA provides an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except … shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). An EAJA award is to the party, not his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

Paralegal fees are compensable at prevailing market rates for paralegals, *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008), for work traditionally done by an attorney, *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). If an attorney is not admitted in a court as required by a local rule, a court does not abuse its discretion by compensating the attorney at a paralegal hourly rate. *Zech v. Comm'r of Soc. Sec.*, 680 F. App'x 858, 860 (11th Cir. 2017).

"The EAJA … establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take

3

into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation . . . ." *Id.* at 1034.

If adjusting the fee cap, a court should use the cost of living increase to when the attorney performed the work, not to a later time. *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997). To do otherwise amounts to awarding interest for which the United States has not waived sovereign immunity. *Id.*; *see also United States v. Aisenberg*, 358 F.3d 1327, 1346 n.28 (11th Cir. 2004) (finding *Masonry* and similar opinions persuasive in an analogous context).

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court is "'itself an expert'" on reasonable rates, may consider its own "'knowledge and experience'" concerning reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)). If there is lack of support, a court may make the award on its own experience so long as it provides sufficient information to allow meaningful review. *Id.* at 1303–04.

Besides demonstrating the reasonableness of rates, a party requesting fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Because clerical work is usually subsumed in the rates already charged by lawyers, *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989), courts will exclude or reduce hours for clerical work, *Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1261 (M.D. Ala. 2000). "Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them."

4

*Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) (unpublished).

Fees for time spent preparing an EAJA request are allowed. *Jean*, 863 F.2d at 779–80. Fees for time spent preparing a reply to a response to an EAJA request are also allowed. *Matthews v. Colvin*, No. 8:13-cv-1469-T-33TGW, 2014 WL 6882286, at *4 n.4 (M.D. Fla. Dec. 4, 2014) (unpublished); *see also Fischer v. Berryhill*, No. 1:14-cv-196-WS-GRJ, 2017 WL 1078446, at *3 (N.D. Fla. Feb. 21, 2017) (unpublished).

Besides fees, the Court "shall" award any "other expenses." 28 U.S.C. § 2412(d)(1)(A). Postage fees are compensable if "necessary to the preparation of the prevailing party's case." *Jean*, 863 F.2d at 777–78.

## III. Fees

Goodman requests these amounts: $218.23 for 1.1 hours of work by Suzanne Harris, Esquire at $198.49 an hour; $2,750 for 22 hours of work by three attorneys not admitted to practice in the Middle District of Florida at $125 an hour; and $667.50 for 8.9 hours of work by four paralegals at $75 an hour. Doc. 27 at 4–5.[1] He includes a chart:

---

[1] In one paragraph, Goodman states the paralegal hours total 8.7 and multiplies 8.7 hours by $75 to request $652.50 for paralegal time. Doc. 27 at 5. The paralegal hours total 8.9, making the correct sum $667.50. That paragraph appears to be the only place where Goodman makes that error, because the $3,635.84 total Goodman requests includes the correct calculation of $667.50 based on 8.9 hours (the chart in this order reflects the correct hours as verified in the attached time sheets).

| Name | Hours | Rate | Total |
|---|---|---|---|
| Suzanne Harris, Esquire | 1.1 | $198.49[2] | $218.34 |
| Howard D. Olinsky, Esquire (not admitted) | 3.5 | $125 | $437.50 |
| Edward A. Wicklund, Esquire (not admitted) | 1.3 | $125 | $162.50 |
| Matthew McGarry, Esquire (not admitted) | 17.2 | $125 | $2,150 |
| Michael Smith, Paralegal | .5 | $75 | $37.50 |
| Jonnah Graser, Paralegal | 6.5 | $75 | $487.50 |
| Moira Deutch, Paralegal | 1.4 | $75 | $105 |
| Shannon Persse, Paralegal[3] | .5 | $75 | $37.50 |

Doc. 27 at 5–6. In the reply, Goodman seeks an additional $575 for 4.2 hours of work by McGarry and .4 hours of work by Olinsky at the $125 rate for writing and reviewing the reply. Doc. 31 at 5. The Commissioner does not challenge the rates for Harris and the paralegals but contends: the $125 rate for the non-admitted attorneys should be reduced to no more than $75; 2.2 hours of work is clerical, redundant, or otherwise non-compensable; and, if she succeeds on any argument, any hours spent on a reply should be excluded. Doc. 28 at 2–6.

*A.    Rates*

Goodman requests an hourly rate of $198.49 for Harris and $75 for paralegals. Doc. 27 at 5–6. The Commissioner challenges neither. *See generally* Doc. 28.

---

[2]Goodman lists Harris's rate as $198.49. Doc. 27 at 4, 6. In a footnote, Goodman lists her rate as $193.92, Doc. 27 at 4 n.2, mistakenly using the calculation for the first half of 2017 instead of the first half of 2018. The exhibit showing the calculation of the rate verifies her rate is $198.49, Doc. 27-1 at 2.

[3]Goodman states he is seeking "0 hours of paralegal time reasonably spent by Michelle Callahan," Doc. 27 at 5, and her timesheet shows she sent two emails for which no hours were credited, Doc. 27-12. Because Callahan has no compensable time, she is not included in the chart.

Goodman seeks compensation for Olinsky, Wicklund, and McGarry, at a "non-admitted attorney" rate of $125 because they are not admitted to practice in the Middle District of Florida (and none moved for admission pro hac vice). Doc. 27 at 1–2. Goodman explains that rate "is the same rate charged for Law Clerks who have graduated from law school but have not yet been admitted to the state bar." Doc. 27 at 2. Goodman cites a Southern District of Florida case in which the court awarded paralegal fees at an hourly rate of $125. Doc. 27 at 4 (citing *Advanced Diabetes Treatment Centers, LLC v. Sebelius*, No. 09-61698, 2012 WL 5077155 at *16 (S.D. Fla. Sept. 20, 2012) (unpublished)).

The Commissioner responds an hourly rate of $125 for non-admitted attorneys is "excessive and inconsistent with the normal rate for paralegal work in the Middle District of Florida," which she contends is $75. Doc. 28 at 5.

Goodman replies $125 is an appropriate hourly paralegal rate for the non-admitted attorneys. Doc. 31 at 1. He cites the 2015 National Utilization and Compensation Survey Report published by the National Association of Legal Assistants, attached to the original motion, Doc. 27-2 (miscited in the reply as Doc. 28-2), which lists the 2014 paralegal billing rate for the region including Florida as $128. Doc. 31 at 1 (citing Doc. 27-2 at 6, 12). He includes certificates of good standing from the Northern District of New York for the non-admitted attorneys. Doc. 31-4.

Regarding the rate for Harris, she is the only attorney who entered an appearance and for whom Goodman seeks fees greater than the $125 EAJA fee cap.[4] She provides no affidavit on her experience or customary rate, but it is known in the legal community and reflected in her many appearances in social-security cases (at least 600 in the Middle District of Florida) that she specializes in social-security work

---

[4]Olinsky Law Group is in Syracuse, New York. *See* Doc. 31 at 5. Harris appears to be the only attorney who is a member of The Florida Bar, and records of The Florida Bar show she is a member of a Florida firm, Harris & Helwig, P.A. *See* "Find a Lawyer" on www.floridabar.org. She is listed as "Of Counsel" with Olinsky Law Group, Doc. 1 at 2.

7

and has done so for many years. Records of The Florida Bar indicate that she has been a member since 1986.[5] *See* "Find a Lawyer" on www.floridabar.org.

Goodman submits a timesheet from Olinsky Law Group for Harris. Doc. 27-4. The timesheet shows Harris spent .6 hours in October 2017; .2 hours in November 2017; .1 hours in February 2018; and .2 hours in June 2018.[6] Doc. 27-4.

Goodman's $218.34 request for Harris is based on the total time (1.1 hours) multiplied by $198.49. Using the United States Department of Labor's Consumer Price Index ("CPI"), the $198.49 rate is based on the $125 EAJA cap and a cost-of-living increase indexed from March 1996 to the average CPI for the first half of 2018. *See* Doc. 27-1.

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on the Court's own knowledge and expertise, the market rate in Jacksonville for services provided by lawyers of comparable skills, experience, and reputation exceeds $125 an hour.

On the second step (determining whether to adjust the rate upward from $125), the Court finds the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living for urban areas from March 1996 to when Harris performed her work. But the $198.49 rate (based on the average CPI for the first half of 2018) that Goodman proposes for all work no matter when performed is inappropriate for work Harris did before 2018 because applying that rate for that

---

[5] In a footnote in the motion for attorney's fees, Goodman states he "does not present extended argument about the hour[ly] rates requested [but] [t]he attorneys in this case ha[ve] extensive experience in Social Security law." Doc. 27 at 4 n.3.

[6] Harris also drafted an extension request and reviewed the plaintiff's brief in April 2018 but credited no time for that work. *See* Doc. 27-4. Other entries in the timesheets show the Olinsky Law Group exercised billing judgment by not charging for some time worked. *See, e.g.*, Doc. 27-3 (entries from October 12, 2017; April 3, 2018; April 6, 2018).

work would amount to interest against the United States. *See Masonry*, 105 F.3d at 711. For the work Harris did before 2018—.6 hours in October 2017 and .2 hours in November 2017—the rate indexed to November 2017—$195.57—is appropriate. Because the first-half-of-2018-average CPI rate ($198.49) is slightly lower than the rate indexed to June 2018 ($199.89), there is no prejudice in using that rate, and the Court will use the requested $198.49 rate for work in 2018.

Regarding the paralegal rate for Smith, Graser, Deutch, and Persse, Goodman provides no information about them or their experience, but based on the Court's own knowledge and expertise, $75 is reasonable and within the range of prevailing market rates for paralegal work. This Court has routinely awarded hourly paralegal fees of $75 in social-security cases. *See, e.g.*, *Ingels v. Comm'r of Soc. Sec.*, No. 6:16-cv-1581-Orl-37KRS, 2018 WL 1832214, at *2 (M.D. Fla. April 9, 2018) (unpublished); *Cacheiro v. Comm'r of Soc. Sec.*, No. 8:16-cv-2643-T-JSS, 2017 WL 3022715, at *2 (M.D. Fla. July 17, 2017) (unpublished); *Cone v. Comm'r of Soc. Sec.*, No. 6:14-cv-11-Orl-18KRS, 2014 WL 5073765, at *2 (M.D. Fla. Oct. 6, 2014) (unpublished).

Regarding the non-admitted attorney rate for Olinsky, Wicklund, and McGarry, this Court recently awarded an hourly rate of $125 for work by non-admitted attorneys from Olinsky Law Group. *See Burgos v. Acting Comm'r of the Soc. Sec. Admin.*, No. 6:17-cv-623-Orl-37MCR, 2018 WL 6493108, at *1 (M.D. Fla. Aug. 22, 2018) (unpublished), *report and recommendation adopted in part and rejected in part on other grounds*, 2018 WL 6465758. And the undersigned has previously recommended awarding paralegal fees at an hourly rate of $125 for an experienced paralegal. *See Proescher v. Sec. Collection Agency*, No. 3:17-cv-1052-J-32PDB, 2018 WL 3432737, at *11 (M.D. Fla. June 8, 2018) (unpublished), *report and recommendation adopted*, 2018 WL 3428157. Using the Court's discretion, *see Zech*, 680 F. App'x at 860, and based on the Court's own knowledge and expertise, and on Goodman's evidence on paralegal rates (Doc. 27-2), an hourly rate of $125 is within the market rate in Jacksonville for services provided by paralegals of comparable

9

skills, experience, and reputation, particularly considering the skills and experience inherent in possession of a law degree, bar membership, and court membership. *See* Doc. 31-4 (certificates of good standing from the Northern District of New York for Olinsky, Wicklund, and McGarry).

**B.     *Hours***

Goodman submits timesheets for those in the Olinsky Law Group who had worked on the case. Docs. 27-3–27-13. Tasks included reviewing the record and rulings, drafting the complaint, communicating with Goodman, preparing the brief in opposition to the Commissioner's decision, preparing the EAJA motion, and preparing a reply to the opposition to the current motion. Docs. 27-3–27-13; Doc. 31 at 4–5. The administrative record is 772 pages. Docs. 17–17-13.

The Commissioner contends the Court should exclude 2.2 hours as clerical or redundant or because that time was spent correcting a mistake. Doc. 28 at 3.

The Commissioner contends 1.6 hours should be excluded as clerical or redundant: .8 hours by Deutch on February 5, 2018, for combining, conducting optical character recognition on, and "live bookmarking" the administrative transcript (clerical); .6 hours by Graser on August 23, 2017, for receiving, reviewing, and processing the files from the referral source (redundant because of one hour by Olinsky on August 28, 2017, for "review[ing] decisions and evidence to determine whether to appeal case"); and .2 hours by Graser on September 21, 2017, for sending a federal district court "prospect packet" by "RightSignature" and United States mail to Goodman (clerical). Doc. 28 at 3 (citing Doc. 27-3 at 2). The Commissioner cites two cases in which courts have not allowed fees for some of these actions by Olinsky Law Group. Doc. 28 at 4 (citing *Lewis v. Colvin*, No 1:15-cv-1483-WSD, 2017 WL 2350211, at \*2 (N.D. Ga. May 31, 2017) (unpublished) (finding clerical and non-compensable time spent receiving, reviewing, and processing the file from a referral source for attorney review; sending the federal-court forms to the client via RightSignature; and

combining, conducting optical character recognition on, and bookmarking the PDF transcript); and *Espino v. Comm'r of Soc. Sec.*, No. 6:14-cv-1185-Orl-TBS, 2015 WL 6705453, at *2 (M.D. Fla. Nov. 2, 2015) (unpublished) (finding clerical and non-compensable time spent downloading, conducting optical character recognition on, and bookmarking the PDF transcript)).

The Commissioner contends .6 hours should be excluded because they relate to correcting the failure to notarize the IFP motion: .3 hours by Graser on October 13, 2017; and .3 hours by Graser on October 16, 2017, for a phone conference with Goodman on the "Notarized Packet," for a phone call with Goodman confirming his mother mailed the notarized packet, and for reviewing the notarized prospect packet for completion.[7] Doc. 28 at 4 (citing Doc. 27-3 at 2).

Goodman replies that combining, running optical recognition software on, and bookmarking the administrative transcript is necessary work that "allows the attorney to be much more efficient when writing, and requires legal knowledge and training on the part of the paralegal to properly prepare the transcript." Doc. 31 at 2–3. Goodman cites four cases in which courts have awarded fees for that time. Doc. 31 at 3; Docs. 31-1–Doc. 31-3. Regarding the time spent processing the file from the referral source, Goodman explains Olinsky Law Group did not represent him in the administrative proceedings, so a paralegal had to download and review files and check any relevant dates, which requires training "to know what is necessary for attorney review and how to calculate the deadlines for an appeal." Doc. 31 at 3. Goodman contends the .6 hours relating to notarizing the IFP application were necessary for the attorneys to explain the documents to him, discuss his expenses, and inform him of the notarization requirements. Doc. 31 at 4. Goodman contends

---

[7]On October 13 and 16, 2017, Olinsky reviewed the Court's order about the IFP application, and Harris later filed the notarized application, but they did not credit any hours for those entries. Doc. 27-3 at 2.

that "communicating with the client is an ethical responsibility" and counsel did not make any mistake that needed to be corrected. Doc. 31 at 4.

The Commissioner contends that "if the Court agrees with any of the Commissioner's positions, the Commissioner request that Plaintiff be denied additional time for any reply to this opposition as it relates to matters upon which the Commissioner prevails." Doc. 28 at 6.

Goodman replies, "Due to the time spent writing this reply, Plaintiff respectfully requests additional fees for the time spent drafting this reply." Doc. 31 at 4. He requests $575 for 4 hours by McGarry to draft the reply; .2 hours by McGarry to review the reply; and .4 hours by Olinsky to review and edit the reply. Doc. 31 at 4–5.

Some hours should be excluded. The Court agrees with the Commissioner that .2 hours by Graser on September 21, 2017, for sending the prospect packet should be excluded as clerical work. The sending of the packet is separate from the entry that involved preparing the packet (see .6 hours by Graser on September 21, 2017, for preparing the prospect packet) and involves the clerical task of "faxing or mailing," see *Ortega,* 2017 WL 6026701 at *2 (quoted). Goodman did not address the Commissioner's challenge to this entry in his reply or provide further information about it.

The Court agrees with the Commissioner that .8 hours by Deutch on February 5, 2018, for combining, conducting optical character recognition on, and "live bookmarking" the administrative transcript should be excluded as clerical work. Recognizing that both sides present non-binding cases in which courts have either awarded or declined to award fees for that work, the Court can discern no legal skill necessary for combining PDF documents and running a program on the combined PDF to make text searchable, and finds this to be more like the clerical task of converting a pleading to a PDF, see *Ortega,* 2017 WL 6026701 at *2.

12

The Court agrees with the Commissioner that .6 hours by Graser (.3 on October 13, 2017, and .3 on October 16, 2017) for resending a prospect packet to Goodman and having the IFP motion notarized should be excluded because it resulted from counsel's failure to ensure the original IFP motion was notarized. *See* Doc. 2 at 5.

The Court disagrees with the Commissioner that .6 hours by Graser on August 23, 2017, for receiving, reviewing, and processing the files from the referral source should be excluded. As Goodman explains, because Olinsky Law Group did not represent him in the underlying administrative proceedings, it is reasonable that a paralegal would prepare the files and review the dates to determine when any court action would be needed and then have an attorney review the file to determine whether there is a basis to appeal the administrative decision.

Because the Court agrees with the Commissioner on some matters and Goodman provides no response to the Commissioner's contention that the Court should reduce the number of hours spent preparing a reply on those matters, *see generally* Doc. 31, the Court reduces the number of hours by McGarry—the primary biller—by 1.[8]

## C. Total Fees

Using the requested hours and rates as modified above, attorney and paralegal fees totaling $3,963.51 are reasonable:

---

[8]This Court has declined to award fees for time spent on a reply when the Court did not request the reply and found the reply unhelpful. *See Somogy v. Astrue,* No. 3:08-cv-269-J-TEM, 2011 WL 250575, at *5 (M.D. Fla. Jan. 25, 2011) (unpublished). To support its holding, the Court in *Somogy* also cited an earlier case from this Court declining to award fees for a reply brief related to an EAJA-fees motion because the Local Rules discourage reply briefs not requested by the Court and the attorney's decision to seek permission to file one "should not be billed to the defendant." *Somogy,* 2011 WL 250575 at *6 (citing *Spruil v. Bowen,* 691 F. Supp. 302, 307 (M.D. Fla. 1988)). Because the reply was helpful in addressing at least some of the challenged hours here, the Court will not categorically strike all time spent on the reply.

13

| Name | Hours | Rate | Total |
|---|---|---|---|
| Suzanne Harris, Esquire | .8<br>.3 | $195.57<br>$198.49 | $216.01 |
| Howard D. Olinsky, Esquire (not admitted) | 3.9 | $125 | $487.50 |
| Edward A. Wicklund, Esquire (not admitted) | 1.3 | $125 | $162.50 |
| Matthew McGarry, Esquire (not admitted) | 20.4 | $125 | $2,550 |
| Michael Smith, Paralegal | .5 | $75 | $37.50 |
| Jonnah Graser, Paralegal | 5.7 | $75 | $427.50 |
| Moira Deutch, Paralegal | .6 | $75 | $45 |
| Shannon Persse | .5 | $75 | $37.50 |

The Court leaves to the Commissioner's discretion whether to accept Goodman's assignment of EAJA fees to the Olinsky Law Group after determining if Goodman owes a federal debt. *See* Doc. 27-13.

## IV. Expenses

Goodman seeks $49.30 in expenses: $44.04 for Smith to mail the "initial case documents" to the clerk via Fedex for filing, and $5.26 for Harris to mail service-of-process documents to the clerk. Doc. 27 at 5, Doc. 27-14.

The Commissioner does not oppose the request but asks the Court to ensure the order reflects the amount as an expense and not as a cost because the two are paid from separate funds.[9] Doc. 28 at 1–2 n.1.

Because postage fees are a compensable expense and the Commissioner does not oppose the request, the Court finds the amount reasonable and the expense

---

[9]Goodman calls the expenses "litigation expenses," Doc. 27 at 1, 5, but confusingly cites costs under 28 U.S.C. § 1920 and italicizes "fees of the clerk and marshal" under § 1920(a), Doc. 27 at 5. Goodman also lists them as expenses under 28 U.S.C. § 2412(a), which refers to costs under § 1920. Doc. 27 at 7. Postage fees are not a specified cost under 28 U.S.C. § 1920 and should be treated as an expense under § 2412(d)(1)(A). *See Jean*, 863 F.2d at 778.

necessary for the preparation of the case. This Court has previously awarded similar postage expenses. *See Merritt v. Berryhill*, 8:17-cv-0002-T-35TGW, 2017 WL 6547731, at *2 (M.D. Fla. Nov. 22, 2017) (unpublished), *report and recommendation adopted*, 2017 WL 6512639; *Duffield v. Colvin*, No. 3:15-CV-1065-J-MCR, 2016 WL 6037306, at *4 (M.D. Fla. Oct. 14, 2016) (unpublished).

## V. Conclusion

Because Goodman is eligible and the fees and expenses are reasonable, the Court **grants** his motion in part, Doc. 27; **awards** Goodman $3,963.51 in attorney and paralegal fees and $49.30 in expenses; and **directs** the clerk to enter judgment in favor of Goodman and against the Commissioner in the amount of $3,963.51 in attorney and paralegal fees and $49.30 in expenses.

**Ordered** in Jacksonville, Florida, on April 22, 2019.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record